## ALBERT DOLLENMAYER v. WILLIAM ZINGOL AND OTHERS.[1]

January 25, 1924.

No. 23,701.

**Rescission of sale for fraud denied.**

The record examined in this case, and it is found that the evidence supports the findings of fact, and the facts warrant the conclusions.

Action in the district court for Hennepin county for the rescission of a contract and surrender for cancelation of certain notes. The case was tried before Bardwell, J., who made findings and ordered judgment in favor of defendants, dismissing the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*Joss, Ohman, Fryberger & Parker,* for respondents.

QUINN, J.

Action to rescind a contract for the sale of personal property upon the ground of fraud. The cause was tried to the court sitting without a jury. After hearing the testimony and listening to the arguments of counsel, the court made and filed an order, in which

[1]Reported in 196 N. W. 818.

it was found as a fact that the allegations of the complaint were not substantiated by the evidence, and, as conclusions of law, that the defendants were entitled to judgment dismissing the action, and for their costs and disbursements. The appeal is from an order denying the plaintiff's motion for a new trial.

The question presented by this appeal is one of fact and not of law. Was the decision of the trial court so manifestly against the evidence that it cannot stand? We answer the query in the negative. The plaintiff was a man of long experience in the printing business. He owned a lease of the second, third and fourth floors in the "Advertisers' " Building in the city of Minneapolis. He sublet the rooms thereon for business purposes. He had his own offices on the second floor. The defendants Eisenberg and Zingol were tenants of his, engaged in the printing and advertising business on the third floor. Plaintiff was very solicitous for their success. They owed him considerable past due rent.

The defendant Birmingham was becoming aged. He owned an old style printing outfit and equipment, located at a different place in the city. Eisenberg and Zingol solicited the purchase of his printing outfit on time payments. Birmingham asked $3,000 for his outfit. He finally agreed to take $2,750 if the plaintiff would help them so they might pay $500 cash and the balance in monthly payments, plaintiff to indorse the notes. It was then agreed that a corporation should be formed, using the name Birmingham in its title—Birmingham to take $250 in stock and to be a stockholder and director. A memorandum was accordingly made along these lines, which he signed. The printing outfit and certificates of stock, when issued, were to be held by the plaintiff as security for the money advanced and signing of the notes.

This arrangement was agreed upon in January, 1922. The incorporation of the company was completed along about the last of February, 1922. On February 27, 1922, instead of indorsing the notes as indicated, the plaintiff paid Birmingham $350 and gave him 20 promissory notes for the balance, less $250 in stock to be issued to plaintiff. The four notes first maturing were for $75 each, the

balance for $100 each. A bill of sale of the printing outfit was then given by Birmingham to plaintiff, and the printing plant was placed in rooms on the third floor of the Advertisers' Building. The defendants Eisenberg and Zingol operated the same until in June following when, through some misunderstanding, they disagreed, and Zingol left the business. The plaintiff then took possession of the business. He had paid the four notes of $75 each.

This action was commenced on June 13, 1922, to rescind the contract between plaintiff and Birmingham, to have the unpaid notes canceled, to recover the money paid, upon the ground of fraud in the making of the contract, and for nonperformance of the contract on the part of the defendant Birmingham. It is conclusive from the record that the transfer of the title of the printing plant from Birmingham to Dollenmayer was not a real sale to the plaintiff, but only for the purpose of placing the title in the plaintiff as security to the obligation which he had assumed. Birmingham took no part in the negotiations between the plaintiff and Eisenberg & Zingol. He had nothing to do about forming the corporation aside from allowing the use of his name in its title, and taking $250 worth of stock, in part payment for his plant. The proofs are not sufficient to sustain the charge of fraud against him, nor to show that he failed to perform his part of the agreement.

The part that plaintiff took in the transaction was to assist Eisenberg and Zingol in the matter. He did not examine the plant before the sale was made. He was not present nor did he take part in the transaction. The most that he contends for is that, when about to sign the papers, he asked Birmingham a few questions as to the terms of the sale and value of the plant. He allowed matters to drift along from February to June, and, in the meantime, paid four of the notes without a protest, or suggestion of fraud. We are unable to understand how the trial court could well make different findings and conclusions than it did under the evidence.

Affirmed.